UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE DIKEH,

    Petitioner,

v.

REBECCA ADDUCCI, et al.,

    Respondents.

Civil No. 20-11166

Honorable Judith E. Levy

## STIPULATED PROTECTIVE ORDER

The Parties seek the production of documents and information which may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), or otherwise contain sensitive personal information, including personally identifying information, as well as documents and information which may be subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §§ 1171 et seq., and regulations promulgated thereunder (together, the "HIPAA Privacy Regulations"), including Protected Health Information as that term is defined in 45 C.F.R. § 164.501, and information that is law enforcement sensitive, as defined below.

Therefore:

1.    Respondents, and their counsel, and Petitioner, and her counsel, are

authorized to release in discovery in this action information and documents that would otherwise be protected from disclosure under the Privacy Act or HIPAA Privacy Regulations.

2. For purposes of this Order, the term "Confidential Information" means any sensitive medical or personal information and Personal Health Information, as that term is defined in 45 C.F.R. § 164.501, produced by the parties and any information produced by the United States, its agencies, or employees which is otherwise protected by the Privacy Act or is law enforcement sensitive. For purpose of this Order, the term "law enforcement" sensitive means information that may be protected from public disclosure under the Freedom of Information Act, 5 U.S.C. § 552, et seq. Such Confidential Information may only be used, disseminated, copied, or disclosed as indicated in this Order.

3. Any documents, responses to interrogatories, responses to Requests for Admission, responses to Requests for Production, deposition testimony, deposition exhibits and any other information (whether written or oral) produced, given, or exchanged by and among the parties (or any of their attorneys or agents) or by or among any non-parties (or any of their attorneys or agents) in connection with discovery in this action, and any material or reports produced pursuant to an order of this Court shall be subject to this Order as set forth below:

(a) The designation of Confidential Information shall be made by

placing or affixing on the document, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER." In a circumstance in which the medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. One who provides material may designate it as "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER" only when such person in good faith believes it contains Confidential Information, as defined above. Except as provided herein, no person having access to Confidential Information shall make public disclosure of Confidential Information without either the permission of the person to whom the information pertains or further order of the Court.

(b) Portions of depositions shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony that describes information that has been designated as "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER" as described above, shall also be deemed to be designated as "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER."

(c) Unless consent is given by the person to whom the Confidential Information pertains, information or documents designated as confidential

under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever, including immigration removal proceedings, other than preparing for and conducting the litigation (including settlement negotiations and appeals) in which the information or documents were disclosed, and shall not be disclosed to the public or any other person or entity for any reason other than for purposes of litigating this matter.

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, unless consent is given by the person to whom the information pertains, except that disclosures may be made in the following circumstances:

    (i) Disclosure may be made to the parties; counsel for the parties and employees and student volunteers of counsel for the parties; attorneys in the U.S. Department of Justice, Civil Division and U.S. Attorney's Office for the Eastern District of Michigan, Civil Division; and employees of U.S. Immigration and Customs Enforcement ("ICE") and United States Department of Homeland Security ("DHS") who are involved in the defense of this action. Disclosure of Confidential Information to employees of ICE and DHS who are involved in removal proceedings of Petitioner shall be limited to only that information which is necessary for those employees to assist in the defense of this action.;

4

  (ii) Disclosure may be made to any deponent in this action during his or her deposition;

  (iii) Disclosure may be made to court reporters engaged for depositions and those persons or IT personnel, if any, specifically engaged for the limited purpose of making copies of documents or preparing documents for production;

  (iv) Disclosure may be made to consultants, investigators, physicians, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties;

  (v) Disclosure may be made to this Court, Court personnel, and any court reporters and stenographers engaged to record testimony and proceedings, and their employees; and

  (vi) Disclosure may be made to such other persons or in court proceedings as may be jointly authorized by the parties or authorized by the Court.

(e) A party disclosing Confidential Information to a person described in paragraph 3(d)(ii)-(iv) must first:

  (i) advise the recipient that the information has been designated as Confidential Information pursuant to this Order, and may only be used in connection with this action;

  (ii) provide the recipient with a copy of this Order; and

  (iii) have that person execute Exhibit A, the Acknowledgment Regarding the Order.

(f) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as Confidential that are received

under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(g) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER" if those words do not already appear.

4. All documents, information, and discovery responses designated as "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER" shall be used solely and exclusively for purposes of this action in accordance with the provisions of this Order. No documents, information, and discovery response shall be used in or for other cases, proceedings, including removal proceedings, or disputes, or for any commercial, business, competitive, or other purpose whatsoever, without further order of this Court.

5. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any item the sealing of which is not authorized by statute, rule or prior court order must file and serve a motion, or submit a proposed stipulated order to authorize sealing, that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason

that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a memorandum of legal authority supporting the seal. *See* E.D. Mich. LR 5.3.

6. Should this matter proceed to trial, the parties shall take measures during trial of this action to satisfy the requirements of confidentiality consistent with the right of all parties to present admissible evidence necessary for a proper resolution of this case.

7. Challenging Designation of Confidentiality. Any party may challenge the designation of any document or Information as "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER." In the event that a party challenges a "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER" designation, the parties shall first try to resolve such dispute in good faith and on an informal basis. If the dispute cannot be resolved informally, a designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. Pending disposition of such motion, however, the documents or information at issue will be treated as if they were confidential and will be fully subject to the provisions of this Order.

8. Nothing in this Order shall limit a producing party or producing entity's

disclosure of its own Confidential Information. Nothing in this Order shall be construed to restrict in any way the use of any federal records by any federal agency, in the ordinary course of business consistent with applicable statutes and regulations.

9. Neither the Respondents, the United States, nor any of its agencies, officers, employees, or attorneys shall bear any responsibility or liability for any unauthorized disclosure of any Confidential Information by Petitioner under this Order. Neither Petitioner, nor any of her agents or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of Confidential Information by Respondents or their representatives.

10. Nothing in this Order shall waive or prejudice the rights of any party or non-party to make objections or to assert any privilege, with respect to the discovery or disclosure of any document, material, or information, pursuant to the Federal Rules of Civil Procedure or any other governing authority, nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter.

11. Return of Material Designated as Confidential at Conclusion of Litigation. Within sixty days of the conclusion of the litigation (including any appeals), all material marked as "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER" under this Order and not received in evidence or filed with the Court (or a court of appeals in connection with this case) shall be returned to the originating party or, in the alternative, counsel for the receiving party shall represent in writing

that all confidential documents and information and all copies (as defined by Fed. R. Evid. 1001(e)), summaries, extracts and notes therefrom have been destroyed. The parties shall also retrieve and destroy, or confirm destruction of, Confidential Information sent to their consultants, experts, or anyone to whom they made disclosure under this Order. Notwithstanding the obligation to return or destroy information, counsel for the parties may retain attorney work product, however, Confidential Information contained in any retained attorney work product shall remain confidential pursuant to this Order and shall not be disclosed. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

12. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information. Nor does this Order constitute any ruling on the question of whether a party or the United States may withhold any particular document or category of information on the basis of privilege.

Date: June 4, 2020            s/Judith E. Levy
                              United States District Judge

So stipulated and agreed:

| | |
|---|---|
| LAW OFFICES OF DAVID S. STEINGOLD, PLLC | MATTHEW SCHNEIDER UNITED STATES ATTORNEY |
| */s/ Samantha M. Baker* | */s/ Benjamin A. Anchill* |
| SAMANTHA M. BAKER (P83674) | BENJAMIN A. ANCHILL (P70968) |
| 500 Griswold Street, Suite 2320 | Assistant United States Attorney |
| Detroit, Michigan 48226 | 211 W. Fort Street, Ste. 2001 |
| (313) 962-0000 | Detroit, Michigan 48226 |
| samanthabaker@thedetroitdefender.com | (313) 226-9566 |
| | benjamin.anchill@usdoj.gov |
| *Attorney for Petitioner* | *Attorneys for Respondents* |
| Dated: June 4, 2020 | Dated: June 3, 2020 |